**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **JOHN DOE**, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**ENDUE, INC.,** d/b/a **ENDUE SOFTWARE,** and **RHEUMATOLOGY ASSOCIATES OF BALTIMORE, LLC**,<br><br>Defendants. | No. 2:25-cv-00189-JAW |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff John Doe ("Plaintiff") respectfully submits this Memorandum of Law in Support of Plaintiff's Motion to Proceed Under Pseudonym.

I.    **BACKGROUND**

This case arises from a data breach (the "Data Breach") that impacted Endue, Inc., d/b/a Endue Software ("Endue") and Rheumatology Associates of Baltimore, LLC ("Rheumatology Associates"). Doc. 1 ("Compl."), ¶¶ 1–3. The Data Breach allegedly exposed the sensitive personal information of the current and former patients of Rheumatology Associates. *Id*. ¶ 4. Plaintiff John Doe is a current patient of Rheumatology Associates—which provides healthcare related to "musculoskeletal diseases and systemic autoimmune conditions commonly referred to as rheumatic diseases" which  "can affect the joints, muscles, and bones causing pain, swelling, stiffness and deformity."[1] *Id*. ¶ 39.

---

[1] *Services*, RHEUMATOLOGY ASSOCIATES, https://www.rheumatology-associates.com/services (last visited May 1, 2025).

## II.     ARGUMENT

Courts may  "permit[] a party to proceed under a pseudonym." *Spurwink Servs., Inc. v. Doe*, No. 2:25-cv-00026, 2025 U.S. Dist. LEXIS 36841, at *2 (D. Me. Feb. 25, 2025). In the First Circuit, courts follow the framework provided by *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61 (1st Cir. 2022) when adjudicating a motion to proceed under a pseudonym. *Id*. There, the First Circuit explained that courts "should balance the interests asserted by the movant in favor of privacy against the public interest in transparency, taking all relevant circumstances into account." *Doe*, 46 F.4th at 72. Therein, the First Circuit listed four general "paradigms" for courts to consider:

> whether the case is one in which the movant reasonably fears that coming out of the shadows will cause him unusually severe physical or mental harm; whether the case is one in which compelled disclosure of the movant's name will likely lead to disclosure of a nonparty's identity, causing the latter substantial harm; whether the case is one in which compelled disclosure would likely deter, to an unacceptable degree, similarly situated individuals from litigating; or whether the federal suit is bound up with a prior proceeding subject by law to confidentiality protections and forcing disclosure of the party's identity would significantly impinge upon the interests served by keeping the prior proceeding confidential.

*Id*. at 72. Still, the First Circuit emphasized that "[b]ecause these paradigms are framed in generalities, a court enjoys broad discretion to quantify the need for anonymity in the case before it" and that "[t]his broad discretion extends to the court's ultimate determination as to whether that need outweighs the public's transparency interest." *Id*.

The right to privacy of healthcare information is broadly recognized by federal and state law—which underscores Plaintiff John Doe's privacy interests in this case. *See* Compl. ¶¶ 18–19, 82–85. For example, "the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and implementing regulations . . . paint with a very broad brush, mandating privacy of patient-specific medical information and confidentiality of medical records." *McCain v. Vanadia*, 191

2

A.3d 1174, 1180 (Me. 2018). Similarly, Maine statutory law provides that "[a]n individual's health care information is confidential and may not be disclosed[.]" 22 M.R.S. § 1711-C.

Notably, in *Doe*, the First Circuit noted that the disclosure of "medical concerns" falls under the "paradigm . . . in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated." 46 F.4th at 71 (citing *In re Sealed Case*, 971 F.3d 324, 327 (D.C. Cir. 2020)). Thus, in *Spurwink*, the court granted the motion to proceed pseudonymously when the case implicated "confidential information . . . including information regarding the student's health and welfare[.]" 2025 U.S. Dist. LEXIS 36841, at *3–4. Thus, the court held that "the privacy interests . . . outweigh the public interest in access to the information." *Id*. at *4.

Here, the Data Breach implicates protected health information related to "musculoskeletal diseases and systemic autoimmune conditions commonly referred to as rheumatic diseases."[2] As such, Plaintiff has substantial privacy interests in proceeding pseudonymously because the litigation process may reveal sensitive medical information. *See* Declaration of Raina C. Borrelli in Support of Plaintiff's Motion to Proceed Under Pseudonym ("Borrelli Decl."), ¶ 3.[3] Indeed, denial of Plaintiff's motion would publicize that he ***currently receives*** medical care for rheumatic diseases. *Id*. ¶ 4. Denial would also publicize that he currently receives rheumatic-focused healthcare at "1220B E. Joppa Road, Suite 310, Baltimore, Maryland, 21286." Compl. ¶ 11.

Thus, this case falls under several of the "paradigms" provided by *Doe*, 46 F.4th at 72. For one, publicizing Plaintiff's identity—and the risk of publicizing sensitive medical information— would cause unnecessary embarrassment and "mental harm[.]" *Doe*, 46 F.4th at 72. Additionally,

---

[2] *Id*.

[3] In *Doe*, the First Circuit stated that "the district court should require a declaration or affidavit either by the moving party or by someone with special knowledge who can speak to the need for anonymity in that case." 46 F.4th at 73.

such disclosures would "deter . . . similarly situated individuals from litigating" whenever healthcare entities expose medical information (e.g., via a data breach). *Id.* On balance, any public interests are outweighed by Plaintiff's interest in maintaining the privacy of his medical status and healthcare information (i.e., regarding rheumatic diseases). Borrelli Decl. ¶ 5. Thus, the Court should grant Plaintiff's motion.

## III.    CONCLUSION

Plaintiff respectfully requests that the Court permit him to proceed under pseudonym.

Date: May 7, 2025                                   Respectfully submitted,

                                                    By: /s/ *Raina C. Borrelli*

                                                    Raina C. Borrelli (*pro hac vice*)
                                                    Samuel J. Strauss*
                                                    STRAUSS BORRELLI PLLC
                                                    980 N. Michigan Avenue, Suite 1610
                                                    Chicago, Illinois 60611
                                                    T: (872) 263-1100
                                                    F: (872) 263-1109
                                                    raina@straussborrelli.com
                                                    sam@straussborrelli.com

                                                    David E. Bauer, Esq.
                                                    443 Saint John Street
                                                    Portland, Maine 04102
                                                    T: (207) 804-6296
                                                    david.edward.bauer@gmail.com

                                                    *Pro hac vice forthcoming*
                                                    *Attorneys for Plaintiff and Proposed Class*