UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN DOE, )<br>)<br>      Plaintiff )<br>)<br>v. )<br>)<br>ENDUE INC., d/b/a ENDUE SOFTWARE, )<br>and RHEUMATOLOGY ASSOCIATES )<br>OF BALTIMORE LLC, )<br>)<br>      Defendants ) | No. 2:25-cv-00189-JAW |

**ORDER ON MOTION TO PROCEED UNDER PSEUDONYM**

In this action, John Doe brings claims on behalf of himself and a putative class against Endue Inc., d/b/a Endue Software, and Rheumatology Associates of Baltimore LLC. *See* Complaint (ECF No. 1). The claims arise from a February 2025 data breach involving Endue's healthcare software, which Rheumatology Associates used to store highly sensitive patient information, including that of Doe. *See id.* ¶¶ 24, 26, 39-41. Doe now moves for permission to proceed under a pseudonym. *See* Motion (ECF No. 9).

"[T]here is a strong presumption against the use of pseudonyms in civil litigation." *Doe v. Mass. Inst. of Tech.*, 46 F.4th 61, 67 (1st Cir. 2022) [hereinafter *Doe v. MIT*] (cleaned up). As the First Circuit has noted,

> Lawsuits in federal courts frequently invade customary notions of privacy and—in the bargain—threaten parties' reputations. The allegations are often serious (at least to the parties) and motivated adversaries do not lack for procedural weapons. Facing the court of public opinion under these conditions is sometimes stressful—but that is the nature of adversarial litigation. If commonplace lawsuit-induced

1

>     distress were enough to justify the use of a pseudonym, anonymity
>     would be the order of the day: Does and Roes would predominate.

*Id.* at 70.

Nevertheless, there are "'exceptional cases' in which pseudonymity should be allowed." *Id.* Such cases generally fall into four categories: "(1) cases in which disclosure of the would-be Doe's identity would cause him unusually severe harm; (2) cases in which identifying the would-be Doe would harm innocent non-parties; (3) cases in which anonymity is necessary to forestall a chilling effect on future litigants who may be similarly situated; and (4) suits that are bound up with a prior proceeding made confidential by law." *Doe v. Town of Lisbon*, 78 F.4th 38, 46 (1st Cir. 2023) (cleaned up). If a case fits within one or more of these categories, anonymity is usually warranted; otherwise, "the presumption against pseudonymous litigation will prevail." *Id.*

Doe's arguments relate to the first and third of these categories. He argues the disclosure of his true identity would reveal that he currently receives medical care for rheumatic diseases at Rheumatology Associates, which would cause him "unnecessary embarrassment and mental harm" and deter future similarly situated litigants from pursuing their own claims. Motion at 3-4 (cleaned up).

I fail to see how Doe would suffer unusually severe mental harm if he were publicly identified as receiving treatment at Rheumatology Associates. There is nothing inherently embarrassing or unusually sensitive about the mere existence of this treating relationship. Moreover, this case is not about the specific medical treatment Doe received at Rheumatology Associates; rather, it is about the alleged

2

negligence of Endue and Rheumatology Associates in handling his sensitive health information.[1] *See A.S. v. Anthem Ins. Cos., Inc.*, No. 1:23-cv-00693-TWP-MG, 2023 WL 3868640, *2-3 (S.D. Ind. June 7, 2023) (denying a plaintiff's similar request to proceed pseudonymously in a data breach case involving health care information). These circumstances readily distinguish this case from *Spurwink Services, Inc., v. Doe*, No. 2:25-cv-00026-JCN, 2025 WL 604884, at *1-2 (D. Me. Feb. 5, 2025), a case cited by Doe in which the Court allowed a minor and her parents to proceed under pseudonyms in an Individuals with Disabilities Education Act case because the case related directly to her health and education.

I find Doe's deterrence argument unpersuasive for similar reasons. Additionally, the notion that similarly situated litigants would hesitate to bring suit if forced to use their real names is undermined by the several related actions against Endue recently filed in this Court in which the plaintiffs have used their real names. *See Pauley v. Endue Inc.*, No. 2:25-cv-00177-JAW; *Polite v. Endue Inc.*, No. 2:25-cv-00181-JAW; *Martinez v. Endue Inc.*, No. 2:25-cv-00183-JAW; *Echols v. Endue Inc.*, No. 2:25-cv-00200-JAW; *Healy v. Endue Inc.*, No. 2:25-cv-00237-JAW (a case in which Rheumatology Associates is also named as a defendant).

At bottom, considering Doe's arguments and the overall circumstances of this case, I conclude that he has not overcome the strong presumption against the use of pseudonyms in civil cases. Accordingly, his motion is **DENIED**, and he is

---

[1] To the extent any of Doe's specific medical information needs to be referenced in this case, it can be protected through less extreme methods such as sealing or redaction.

**ORDERED** to file an amended complaint bearing his real name by June 19, 2024, failing which his case will be dismissed.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: June 5, 2025

/s/ Karen Frink Wolf
United States Magistrate Judge